UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>FRANK BRADLEY MOLESKY,<br><br>　　　　　Defendant. | No. 2:08-CR-0147-LRS-1<br><br>**ORDER DENYING MOTION UNDER 28 U.S.C. §2255** |

**BEFORE THE COURT** is Petitioner Frank Molesky's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence in Light of *Johnson v. United States*, 135 S.Ct. 2551(2015) (ECF No. 66). The court has considered the Motion, the Government's Response (ECF No. 67), Defendant's Reply (ECF No. 69), the supplemental authority filed by the Defendant (ECF Nos. 73, 76), relevant portions of the record and the applicable law. The government moves (ECF No. 74) to stay the Motion in light of the Supreme Court's grant of certiorari in *Beckles v. United States* regarding the application of *Johnson* to the residual clause in U.S.S.G. § 4B1.2(a)(2).

**I.    BACKGROUND**

ORDER - 1

## A. Plea and Sentence

Though initially charged with felon in possession of a firearm in violation of 18 U.S.C. § 922(g), on April 29, 2009, Molesky pled guilty to a Superseding Indictment charging him with one count of possession of a stolen firearm in violation of 18 U.S.C. § 922(j). By virtue of the change in the charge, the Defendant "mitigate[d]" what the Government refers to as the "significant litigation risk," of a 15-year mandatory minimum under the Armed Career Criminal Act that could have attached to a conviction under § 922(g). (ECF No. 67 at 10). As part of the Rule 11(c)(1)(C) plea agreement, Molesky conceded he had at least one felony conviction of a crime of violence. (ECF No. at ¶ 10(a)), and therefore his base offense level was 20 under U.S. Sentencing Guideline §2K2.1(a). The "crime of violence" definition for this section has the same meaning as set forth in U.S.S.G. § 4B1.2(a), which contains a "residual clause," like the one invalidated in *Johnson*. The parties agreed to an upward departure to a total offense level of 32 because the conduct involved significant physical injury to one of the victims and jointly recommended that the court sentence Molesky to a ten-year term of imprisonment. The plea agreement included a waiver of the right to appeal and collaterally attack his sentence. (ECF No. 39 at ¶18).

At sentencing the court adopted the presentence report without change. The PSR identified the fact the Defendant had prior convictions for unlawful imprisonment, second degree assault, and 3 prior convictions for child molestation. Although there are no time limits when considering ACCA predicates, the 1991 unlawful

ORDER - 2

imprisonment and second degree assault conviction were too old to be counted in his criminal history or for purposes of applying the enhancements under §2K2.1(a). The Sentencing Guidelines base offense level of 20 was further subject to a two-level increase for possession of a stolen firearm, a four-level increase for possession of the firearm while attempting to rob the victim and an altercation ensued, a two-level increase because the victim was vulnerable, and a three level downward adjustment for acceptance of responsibility. The total offense level was 25 and criminal history category II, resulting in a sentencing guidelines range of 64-78 months. Both parties filed sentencing memoranda addressing the §3553(a) factors, including the seriousness and aggressive nature of the offense and Molesky's history of horrendous assaultive behavior. The court accepted the parties' plea agreement and on September 8, 2009, the court entered Judgment sentencing Molesky to 120 months in custody, the statutory maximum for a violation of 18 U.S.C. §922(j).

Molesky did not appeal his conviction or sentence. According to the BOP inmate locater (www.bop.gov), Molesky's release date is June 26, 2017.

**B. Post-Sentencing Developments in the Law**

If an individual is convicted under 18 U.S.C. § 922(g) (felon in possession of a firearm), the Armed Career Criminal Act ("ACCA") requires courts to impose a sentence of not less than 15 years on specified defendants who have three previous

ORDER - 3

convictions for a violent felony or a serious drug offense or both. 18 U.S.C. § 924(e)(1). Section 924(e)(2)(B) defines "violent felony" to include a "any crime punishable by imprisonment for a term exceeding one year" that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, <u>or otherwise involves conduct that presents a serious potential risk of physical injury to another</u>[.]" 18 U.S.C. § 924(e)(2)(B) (emphasis added). In June 2015, the Supreme Court struck the thirteen word so-called "residual clause" (underlined text) of ACCA for being unconstitutionally vague in violation of the Due Process Clause of the Fifth Amendment. *Johnson v. United States*, 135 S. Ct. 2551, 2555-57. "The void-for-vagueness doctrine prohibits the government from imposing sanctions 'under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement.' " *Welch*, 136 S. Ct. at 1262 (*quoting Johnson*, 135 S. Ct. at 2556). Applying the vagueness doctrine, the Supreme Court concluded that the ACCA's residual clause was unconstitutional under both standards: it failed to provide "fair notice to defendants" and "invite[d] arbitrary enforcement by judges," and consequently, "[i]ncreasing a defendant's sentence under the clause denies due process of law." *Johnson*, 135 S. Ct. at 2557.

ORDER - 4

On April 18, 2016, the Supreme Court held in *Welch v. United States* that *Johnson* announced a new substantive rule that applies retroactively to cases on collateral review. *Welch v. United States*, 136 S.Ct. 1257, 1264–65 (2016). The Court explained that, by striking down the ACCA's residual clause as void for vagueness, *Johnson* changed the ACCA's substantive reach and altered "the range of conduct or the class of persons that the [Act] punishes." *Id*. at 1265 (brackets in original) (citation omitted). Applying the retroactivity framework set forth in *Teague v. Lane*, 489 U.S. 288 (1989), and its progeny, the Court further stated that *Johnson* was not a procedural decision because it "had nothing to do with the range of permissible methods a court might use to determine whether a defendant should be sentenced under the [ACCA]." *Id*. Accordingly, the Court ruled that "*Johnson* is thus a substantive decision and so has retroactive effect under *Teague* in cases on collateral review." *Id*.

Like ACCA and as stated above, the Sentencing Guidelines also factor in higher sentencing ranges on defendants with previous convictions for violent felonies. The Guidelines definition of "crime of violence" under §4B1.2(a) has been identical to the ACCA residual clause. *United States v. Spencer*, 724 F.3d 1133, 1138 (9th Cir. 2013) (there is "no distinction between the terms 'violent felony' [as defined in the ACCA] and 'crime of violence' [as defined in § 4B1.2(a)(2) of the Sentencing Guidelines] for purposes of interpreting the residual clause[s]"). However, *Johnson* failed to discuss the Guidelines. Since *Johnson*, Courts of Appeal have reached

ORDER - 5

different decisions on whether a constitutional vagueness challenge applicable to a statute as in ACCA applies equally to the advisory Guidelines and whether any such rule should have retroactive application to cases on collateral attack.  Only one circuit has affirmatively held that *Johnson* does not invalidate the Guideline §4B1.2's residual clause. *U.S. v. Matchett*, 802 F.3d 1185 (11th Cir. 2015).  The others have either determined or assumed the Guidelines' residual clause is invalid.  There is even less consensus on the issue of retroactivity.  *Compare In re Hubbard*, 825 F.3d 225 (4th Cir. 2016) *(Johnson* may be retroactive as to the Guidelines); *United States v. Hurlburt*, 2016 WL 4506717 (7th Cir. Aug. 29, 2016) (same); *In re Patrick*, 2016 WL 4254929 (6th Cir. Aug. 12, 2016) (same), *with Donnell v. United States*, 826 F.3d 1014 (8th Cir. 2016) (*Johnson* was not retroactive as the Guidelines); *In re Arnick*, 826 F.3d 787 (5th Cir. 2016) (same); *In re Griffin*, 823 F.3d 1350 (11th Cir. 2016) (same).

On June 27, 2016, the Supreme Court granted certiorari in *Beckles v. United States*, No. 15-8544, to resolve this split.  Three questions before it are: (1) whether the constitutional rule announced in *Johnson* applies to the residual clause of USSG § 4B1.2(a)(2); (2) if so, whether challenges to § 4B1.2(a)(2) are cognizable on collateral review; and (3) whether possession of a sawed-off shotgun remains a

ORDER - 6

"crime of violence" based on the commentary to § 4B1.2.  Oral argument has been scheduled for November 28, 2016.

**C. Molesky's §2255 Motion**

On June 1, 2016, Molesky filed a Motion to Vacate Sentence and for Resentencing (ECF No. 66). The Motion asserts a single ground for relief: Molesky's sentence violates due process because the court's Guideline calculation could have relied upon the residual clause definition of "crime of violence" set forth in § 4B1.2(a). He contends under *Johnson*, his Washington child molestation convictions no longer qualify as crimes of violence under § 4B1.2(a).

In its opposition, the Government makes multiple arguments: (1) that Molesky waived the right to file a §2255 motion; (2) that any Guidelines error is harmless because Molesky was sentenced pursuant to a stipulated sentence contained in the plea agreement, not the Guidelines; (3) that the relief sought is not available because he would "have to first withdraw his guilty plea, which he has not sought to do"; (4) that there is no basis to conclude the court relied upon the residual clause; (5) that child molestation is a "forcible sex offense" which categorically qualifies as a crime of violence, as explained in the commentary to §4B1.2; (6) that the *Johnson* rule is not retroactive to challenges to the Sentencing Guidelines.

**II.    STANDARD OF REVIEW**

The language of 28 U.S.C. § 2255 makes clear that not every alleged sentencing error can be corrected on collateral review. *See United States v. Addonizio*, 442 U.S.

ORDER - 7

178, 185 (1979). District court may entertain petitions for the writ of habeas corpus only when authorized by statute. Among the circumstances under which courts are permitted to use the writ are when the sentence was imposed in violation of the Constitution or laws of the United States or when the sentence is "otherwise subject to collateral attack." § 2255(a); *see also United States v. Berry*, 624 F.3d 1031, 1038 (9th Cir. 2010). A sentence is otherwise subject to collateral attack if there is an error constituting a "fundamental defect which inherently results in a complete miscarriage of justice," *Addonizio*, 442 U.S. at 185, or "an omission inconsistent with the rudimentary demands of fair procedure." *Hill v. United States*, 368 U.S. 424, 428 (1962).

Importantly, a one-year period of limitations exists. 28 U.S.C. § 2255(f). This period ordinarily starts when the conviction became final. *Id*. § 2255(f)(1). Molesky's conviction became final in 2009, but the § 2255 motion was not filed until 2016. Molesky seeks to avoid the limitations bar by invoking 28 U.S.C. § 2255(f)(3). This provision extends the limitation period to one year from the date "on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

ORDER - 8

The question in this case is whether Molesky's habeas petition falls within these narrow limits.

### III. DISCUSSION

#### A. <u>Scope of Molesky's Collateral Attack and the Rule 11(c)(1)(C) Plea</u>

Molesky does not challenge the voluntariness of the guilty plea, seek vacatur of his guilty plea, nor seek to challenge any defect in the advice he received regarding the guilty plea. Indeed, the law would preclude an attack of his guilty plea and conviction based upon later judicial pronouncements rendering prior assumptions incorrect. *See Brady v. U.S.*, 397 U.S. 742, 756–57 (1970)("A defendant is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the State's case or the likely penalties attached to alternative courses of action). The only motion authorized by §2255 is an attack on the sentence.

Somewhat thornier issues are presented when the attack is on a sentence involving a Rule 11(c)(1)(C) plea agreement, where the plea and sentence are intertwined. The Rule allows the parties to "agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply (such a recommendation or request binds the court once the court accepts the plea agreement)." The court is not permitted to accept or reject a Rule 11(c)(1)(C) on a piecemeal basis.

ORDER - 9

The Government contends that because Molesky's sentence was imposed pursuant to a Rule 11(c)(1)(C) plea agreement not the Guidelines, the merit of whether *Johnson* applies to the Guidelines is "immaterial." A valid question arises as to whether vacatur of the sentence is an available remedy in this context, or whether an attack on the sentence is also an attack on the plea. The Government contends that as a result of the binding nature of the stipulated sentence, "in order for the Defendant to argue for a sentence different than the one in the plea agreement, the Defendant would have to first withdraw his guilty plea…" (ECF No. 67 at 6). The Seventh Circuit would agree and has ruled the court "cannot preserve a plea under Rule 11(c)(1(C) but dispose of the sentence." *U.S. v. Gibson*, 490 F.3d 604, 607 (7th Cir. 2007); *U.S. v. Gibson*, 356 F.3d 761, 765 (7th Cir. 2004). However, the Ninth Circuit has permitted the challenge and vacatur of the sentence alone in the Rule 11(c)(1)(C) context, so long as the court gives the parties the opportunity to withdraw after the court exercises its discretion to accept or reject the agreement in a manner unaffected by the error. *See U.S. v. Heredia*, 768 F.3d 1220 (9th Cir. 2014).

Plea negotiations and the plea agreement are central components of the United States' criminal justice system. *See Blackledge v. Allison*, 431 U.S. 63, 71 (1977). The plea process, if properly administered, stands to benefit not only the defendant and government, but also the courts and society. *Id*. It provides all interested parties certainty in the case's outcome, unlike a trial; conserves scarce judicial resources; and affords the public a measure of security. *Id.* These chief benefits are secured by according these dispositions a "great measure of finality." *Id.* "Yet arrayed against

ORDER - 10

this interest in finality is the very purpose of the writ of habeas corpus to safeguard a person's freedom from detention in violation of constitutional guarantees." *Id*. A prisoner in custody after pleading guilty, no less than one convicted by a jury, "is entitled to avail himself of the writ in challenging the constitutionality of his custody." *Id*. at 72.

The court concludes the binding nature of the plea agreement does not itself preclude the relief sought by Molesky.

**B. Waiver**

As part of Molesky's plea agreement, he voluntarily and expressly waived his "right to file any post-conviction motion attacking his conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255," except one based upon ineffective assistance of counsel. A defendant may waive his right to collaterally attack a conviction and sentence. *See United States v. Leniear*, 574 F.3d 668, 672 & n.3 (9th Cir. 2009). Courts recognize strong public policy considerations justify the enforcement of plea agreements containing knowing and voluntary waivers of statutory rights of appeal or collateral attack because such "waivers usefully preserve the finality of judgments and sentences imposed pursuant to valid plea agreements." *United States v. Anglin*, 215 F.3d 1064, 1066 (9th Cir. 2000). Subsequent changes in the law, which do not render the sentence unconstitutional, do not undercut the validity of a collateral attack waiver. *See U.S. v. Bibler*, 495 F.3d 621, 624 (9th Cir. 2007). A waiver will not be invalidated merely because unanticipated events occur in the future. *See e.g., U.S. v. Eastwood*, 148 Fed. Appx. 589 (9th Cir. 2005)(waiver

ORDER - 11

enforceable and resentencing not warranted, despite changes in sentencing law brought about by *U.S. v. Booker* holding the Guidelines were advisory and not mandatory); *U.S. v. Morgan*, 406 F.3d 135 (2d Cir. 2005), *cert denied* 126 S.Ct. 549 (2005)(same); *c.f. Adesina v. United States*, 461 F.Supp.2d 90, 96 (E.D.N.Y. 2006) ("Under the well-settled law of the Second Circuit, a valid waiver of the right to appeal or otherwise challenge a sentence is enforceable as to subsequent changes in the law, even as to constitutional arguments, that were not anticipated at the time the waiver was made.").

However, all federal courts agree that waivers are not ironclad. In the Ninth Circuit, a valid waiver "will not apply" if "the sentence violates the law." *United States v. Bibler*, 495 F.3d 621, 624 (9th Cir. 2007). "A sentence is illegal if it exceeds the permissible statutory penalty for the crime or violates the Constitution." *Id*. The Ninth Circuit has held that if *Johnson* nullifies the residual clause of the Career Offender Guidelines, sentences rendered pursuant to that clause are likely unconstitutional and would be "illegal," and thus waivers in plea agreements cannot bar collateral attacks on that basis. *United States v. Torres*, 828 F.3d 1113, 1125 (9th Cir. 2016).

The Government contends the waiver applies because "Defendant makes no credible argument that his sentence was unconstitutional." (ECF No. 67 at 12). Accordingly, whether the waiver applies hinges upon a review of the merits, which the court concludes it cannot reach.

**C. Molesky Seeks Extension not Application of Johnson**

ORDER - 12

Molesky's Motion articulates a single ground of collateral attack, arguing that *Johnson* removes his child molestation convictions from providing a basis for an enhanced sentencing Guidelines calculation and the erroneous Guidelines calculation renders his sentence a violation of due process. Unlike the petitioner in *Johnson*, Molesky was not sentenced under ACCA, nor is there a basis to contend his sentence exceeds the permissible statutory penalty for the crime. There is no doubt *Johnson* set forth a new rule of constitutional law applicable to ACCA. The threshold issue here is whether the new rule announced in *Johnson* encompasses Molesky's claim under the Guidelines, or whether instead, Molesky asserts a different "right" yet to be recognized by the Supreme Court. Section 2255 does not permit a petitioner to cite Supreme Court authority in name only as a hook to ask the court to consider the merits of an argument unrelated to or distinct from the new rule recognized by the Court. *See Stanley v. United States*, 2016 WL 3514185, at *2–3 (7th Cir. June 27, 2016).

While many courts have passed by the gatekeeping of §2255(f)(3) and proceeded to the merits, often because the Government has conceded this point, some courts have not. *See e.g., U.S. v. Sheldon*, 2016 WL 3976611 (D.Mont. July 22, 2016)(holding that *"Johnson* plainly does not apply" to the Guideline designation "Repeat and Dangerous Sex Offender"); *Renteria v. Lizarraga*, 2016 WL 4650059, at *6 (Aug. 1, 2016) (holding that because Petition was sentenced under California's Three Strikes Law, not ACCA "or even any similar state law equivalent," "*Johnson* created no new due process right applicable to Petitioner.");

ORDER - 13

*Zuschin v. U.S.*, 2016 WL 3090410 (M.D.Fla, June 2, 2016)("because Petitioner was not sentenced under the ACCA," but rather the Guidelines, "*Johnson* is not applicable to Petitioner's claims."); *U.S. v. Jimenez-Segura*, 2016 WL 4718949 (E.D.Va. Sept. 8, 2016)(discussing the "widespread inattention" to § 2255(f)(3) at length and holding Defendant could not avail himself of §2255(f)(3) as *Johnson* did not cover the defendant's convictions under 28 U.S.C. §924(c)); *U.S. v. Donnell*, 2016 WL 3525213 (M.D.Fla. June 28, 2016)(declining application of §2255(f)(3) because Defendant was sentenced under the Guidelines, not ACCA).

The initial recognition of the new rule must come from the Supreme Court, <u>not from this court</u>. Though this court is not barred from applying new rules to different factual contexts, in asking this court to apply *Johnson* to invalidate his sentence, Molesky asks this court to forge its own new rule. The *Johnson* decision solely pertained to ACCA. It explicitly distinguished the ACCA and unequivocally rejected the suggestion that its decision called into question the residual clauses in "dozens of federal and state criminal laws" using similar terms. 135 S.Ct. at 2561(""The Government and the dissent next point out that dozens of federal and state criminal laws use terms like 'substantial risk,' 'grave risk,' and 'unreasonable risk,' suggesting that to hold the residual clause *20 unconstitutional is to place these provisions in constitutional doubt . . . Not at all."). The Court confirmed this again in *Welch,* saying, "The Court's analysis in *Johnson* thus cast [sic] no doubt on the many laws that 'require gauging the riskiness of conduct in which an individual defendant engages on a particular occasion.' " *Welch*, 136 S. Ct. at 1262 (*quoting*

ORDER - 14

*Johnson*, 135 S. Ct. at 2561). The disagreement among lower courts regarding application to contexts other than ACCA and the Supreme Court's pending review of *Beckles* strongly suggests that the Supreme Court has yet to recognize the "right" advanced by Molesky. The Ninth Circuit has not held otherwise. *U.S. v. Torres*, 2016 WL 3770517 (9th Cir. July 14, 2016)("It is an open question whether §4B1.2(a)(2)'s residual clause remains valid in light of *Johnson*, although several circuits, including ours, have signaled concern about its constitutionality.") While the Supreme Court may rightly expand its rule to other statutes and laws, this court may only consider claims falling within the scope of the *Johnson* rule *as announced*. Molesky seeks an extension, not an application, of *Johnson*. Until further pronouncement from the Supreme Court, Molesky's collateral attack on the crime of violence definition under the Guidelines does not meet the requirements of §2255(f)(3).

The Government has asked the court to hold this decision in abeyance pending a decision in *Beckles*. While this is an option carefully considered, Molesky strenuously opposes a stay, emphasizing that if successful, he intends to seek a reduced term of imprisonment, which he believes could be time served given what he calculates as an amended Guideline range of 33-41 months. The possibility also exists he could be given the same sentence. Given the circumstances, the court concludes the denial of Molesky's Motion is more prudent than a stay.

**D. Harmless Error**

ORDER - 15

Even assuming, *arguendo*, that §2255(f)(3) applies to Molesky's claim, *Johnson* applies to the Guidelines, and is retroactive to cases on collateral review, the Government contends that correcting the error alleged by Molesky is harmless and would produce no change in the Guidelines calculation because child molestation would still qualify as a crime of violence. The Government asserts that child molestation is a "forcible sex offense[]" expressly enumerated as a "crime of violence" in the commentary to §4B1.2 cmt. n. 1. The court rejects this contention and therefore, cannot alternatively hold herein that harmless error would preclude relief.

It is worth noting that there is a circuit split on the issue of the weight afforded to § 4B1.2's commentary offenses, i.e., whether the commentary has freestanding definitional power and whether the listed offenses in the commentary conflict with the text of the Guideline. This issue is also before the Supreme Court in *Beckles*.[1] The position advanced by the Government is contrary to the position it took in the

---

[1] One of the questions before the Supreme Court in *Beckles* is whether unlawful possession of a sawed-off shotgun constitutes a crime of violence where the commentary to §4B1.2 expressly describes it as a crime of violence. *Compare also*, *United States v. Soto–Rivera*, 811 F.3d 53 (1st Cir. 2016); *United States v. Rollins*, 2016 WL 4587028 (7th Cir. Aug. 29, 2016); *U.S. v. Bell*, 2016 WL 6311084 (8th Cir. 2016), with *U.S. v. Marrero*, 743 F.3d 389(3rd Cir. 2014) ; *U.S. v. Lockley*, 632 F.3d 1238, 1242 (11th Cir. 2011)(finding robbery an enumerated offense under § 4B1.2 despite not listed in guideline's text).

ORDER - 16

habeas petition in *Fugitt v. United States*, 2016 WL 5373121 (W.D.Wash. Sept. 26, 2016), where it conceded that child molestation could have properly fallen within the residual clause only. Assuming as that the commentary survives *Johnson*, because Washington's child molestation statute is an offense that does not have the use of force as an element and could be committed without physical force and predicated on legally invalid consent, it does not categorically qualify as a "forcible sex offense" as used in §4B1.2. *See U.S. v. Shell*, 789 F.3d 335 (4th Cir. 2015)(considering the meaning of "forcible sex offenses" under U.S.S.G. § 4B1.2).

### E. Tainted §3553(a) Analysis

In his Motion, Molesky asserts just one ground for relief and states that the miscarriage of justice standard does not apply here. (ECF No. 66 at 14). But in his Reply to the Government's Response, he contends that "to keep the sentence intact would result in a miscarriage of justice or a fundamentally unfair sentence." (ECF No. 69 at 9). This argument is based upon the newly asserted argument that "*Johnson* error tainted the §3553(a) analysis in addition to the Guideline calculation." (ECF No. 69 at 5). Molesky contends that the court "considered that Molesky would have been ACCA-eligible if he had pled to a § 922(g) charge," a contention subsequently rendered erroneous by *Johnson*, and therefore his "sentence was imposed in violation of the Constitution" or "is otherwise subject to collateral attack." (ECF No. 69 at 5-6).

Molesky is precluded from raising new grounds for relief in his Reply. *Bazuaye v. INS*, 79 F.3d 118, 120 (9th Cir.1996) ("Issues raised for the first time in the reply

ORDER - 17

brief are waived."). Moreover, the Reply does not offer analysis or application of either of the distinct due process or "miscarriage of justice" standards to this case. The court is however familiar with this distinct argument having recently granted relief on due process grounds in *USA v. Terrell,* 2016 WL 6582993 (E.D. Wash. Nov. 4. 2016). Unlike in *Terrell*, Molesky makes no showing that the record conclusively shows that information rendered erroneous by *Johnson* demonstrably formed the basis for the sentence imposed. *See United States v. Vanderwerfhorst*, 576 F.3d 929, 935–36 (9th Cir. 2009)(setting forth the due process standard). Here, the violent nature and seriousness of the offense, the horrendous criminal past including sexual violence toward women and children, and the risk to the public, clearly weighed heavily in this court's rendering of the sentence.

**IV.   CONCULSION**

For the reasons stated, Molesky's Motion to Vacate Sentence and for Resentencing (ECF No. 66) is **DENIED.**

The Government's Motion to Stay Petition (ECF No. 74) is **DENIED**.

As the court recognizes that reasonable jurists could "debate whether…the petition should have been resolved in a different manner," *Slack v. McDaniel*, 529

ORDER - 18

U.S. 473, 483-84 (2000), the court grants certificate of appealability on the following issue: whether Molesky's Motion falls within the scope of 28 U.S.C. §2255(f)(3).

DATED this 23rd day of November, 2016.

*s/Lonny R. Suko*

_____
LONNY R. SUKO
SENIOR U.S. DISTRICT COURT JUDGE

ORDER - 19